# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL J. McQUAIG | CIVIL ACTION |
| versus | NO. 09-3465 |
| ROBERT TANNER, WARDEN, R.C.C. | SECTION: "I" (3) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Paul J. McQuaig, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On December 19, 2005, he pleaded guilty to one count of possession with intent to distribute oxycodone and one count of possession with intent to distribute diazepam. On each conviction, he was sentenced to a term of ten years imprisonment, and

it was ordered that his sentences run concurrently.[1] He did not appeal either his convictions or sentences.

On October 16, 2007, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[2] That application was denied on February 21, 2008.[3] Petitioner's related writ applications were then denied by the Louisiana First Circuit Court of Appeal on August 1, 2008,[4] and by the Louisiana Supreme Court on May 29, 2009.[5]

While that final writ application was still pending, petitioner filed this federal application for *habeas corpus* relief on April 20, 2009.[6] The state argues that petitioner's federal application is untimely.[7] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[1] State Rec., Vol. I of I, transcript of December 19, 2005; State Rec., Vol. I of I, minute entry dated December 19, 2005.

[2] State Rec., Vol. I of I.

[3] State Rec., Vol. I of I, Order dated February 21, 2008.

[4] State v. McQuaig, No. 2008 KW 0809 (La. App. 1st Cir. Aug. 1, 2008) (unpublished); State Rec., Vol. I of I.

[5] State *ex rel.* McQuaig v. State, 9 So.3d 161 (La. 2009) (No. 2008-KH-2198); State Rec., Vol. I of I.

[6] Rec. Doc. 1.

[7] Rec. Docs. 9 and 10.

underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[8]

As noted, on December 19, 2005, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the thirty days allowed by state law, his convictions and sentences became final no later than January 18, 2006.[9] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state criminal judgment commenced on that date and expired one year later, i.e. on January 18, 2007, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications attacking his

---

[8] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

[9] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914. However, the Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976). In this case, the Court need not decide whether petitioner had a right to appeal his convictions or sentences pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his convictions were final upon his pleas (December 19, 2005) or upon the expiration of his period for filing a motion to appeal (January 18, 2006).

convictions or sentences pending before any state court at any time from January 18, 2006, through January 18, 2007.[10]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before January 18, 2007, in order to be

---

[10] The Court notes that petitioner filed an application for post-conviction relief on October 16, 2007. However, because that application was filed *after* the expiration of the statute of limitations, it has no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

timely. Petitioner's federal application was not filed until April 20, 2009,[11] and it is therefore untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Paul J. McQuaig be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of October, 2009.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on April 20, 2009; therefore, that it the earliest date it could have been submitted to prison officials for mailing.